■ GEORGE E. HUGHES et al., Respondents, v. SEVEN-UP BOTTLING COMPANY OF BINGHAMTON, INC., Appellant.— Appeal from an order of Supreme Court at Special Term, entered in Broome County, which granted plaintiffs leave of 20 days within which to serve a complaint and which provided, upon compliance, that plaintiffs' default in serving a complaint more than 12 months after service of a summons be excused. Appellant moved for dismissal pursuant to CPLR 3012 (subd. [b]), and the court's failure to grant its motion was an abuse of discretion. Order modified, on the law and the facts, by striking from the decretal paragraph so much thereof as grants a 20-day extension of time to serve a complaint, and, as so modified, affirmed, without costs. (CPLR 3012, subd. [b]; *Shapiro* v. *Exchange Mut. Ins. Co.*, 37 A D 2d 879; *Harris* v. *Hampton Hotel Corp.*, 36 A D 2d 999.) Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.

■ In the Matter of the Claim of CLYDE A. WENTZ, Respondent, v. SECURITY MESSENGER SERVICE, INC., Appellant, and STATE INSURANCE FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 15, 1971, which held that the employer was not insured by the State Insurance Fund on December 17, 1969 when claimant sustained his accidental injury, the employer's original policy having been canceled for nonpayment of premium on October 14, 1969 and a binder having expired by its own terms on November 25, 1969. Substantial evidence supports the board's determination. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Simons and Reynolds, JJ., concur.